UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW D. McIALWAIN; and CHRISTINE M. McIALWAIN, | CASE NO. C13-6096 RJB |
| Plaintiff, | ORDER TO SHOW CAUSE AND RENOTING MOTIONS |
| v. | |
| GREEN TREE SERVICING, LLC; BANK OF AMERICA N.A.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; NORTHWEST TRUSTEE SERVICES, INC; and DOE DEFENDANTS 1-10, | |
| Defendant. | |

This matter comes before the court on Defendants Green Tree Servicing, LLC, Federal

National Mortgage Association, Mortgage Electronic Registration Systems, Inc., and Northwest

Trustee Services, Inc.'s Motion to Dismiss (Dkt. 9) and Plaintiffs' Motion for Remand (Dkt. 12).

The court has considered the motions, the file, and is fully advised.

1                     <u>STANDARD FOR STAYING PROCEEDINGS</u>

2         A district court has broad discretion to stay proceedings as an incident to its power to

3 control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (*citing Landis v. N. Am.*

4 *Co.*, 299 U.S. 248, 254 (1936)); *Leyra v. Certified Grocers of Cal.*, 593 F.2d 856, 863–64 (9th

5 Cir. 1979), *cert. denied* 444 U.S. 827 (1979).  This power to stay is "incidental to the power

6 inherent in every court to control the disposition of the causes on its docket with economy of

7 time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.  *See also Gold*

8 *v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3rd Cir. 1983) (holding that the power to

9 stay proceedings comes from the power of every court to manage the cases on its docket and to

10 ensure a fair and efficient adjudication of the matter at hand).  This is best accomplished by the

11 "exercise of judgment, which must weigh competing interests and maintain an even balance."

12 *Landis*, 299 U.S. at 254–55.  A decision to stay proceedings is reviewed under an abuse of

13 discretion standard that is somewhat less deferential than the flexible abuse of discretion

14 standard applicable in other contexts. *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000).

15 **Outcome of Another Case**

16         In determining whether to issue a stay based upon the outcome of a case involving

17 different litigants, the court must weigh three relevant interests: (1) the possible damage that may

18 result from the granting of a stay; (2) the hardship or inequity that a party may suffer in being

19 required to go forward; and (3) the orderly course of justice measured in terms of the simplifying

20 or complicating of issues, proof, and questions of law that could be expected from a stay. *Cohen*

21 *v. Carreon*, 94 F.Supp. 2d 1112, 1115 (D. Or. 2000) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265,

22 268 (9th Cir. 1962)).  The court should balance these interests in light of its obligation to

23 exercise jurisdiction timely to cases before it. *Cherokee Nation of Okla. v. United States*, 124

24

ORDER TO SHOW CAUSE AND RENOTING
MOTIONS- 2

1   F.2d 1413, 1416 (Fed.Cir. 1997).  Additionally, case management, standing alone, "is not

2   necessarily a sufficient ground to stay proceedings," and indefinite stays are disfavored.

3   *Dependable Hwy. Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).  *See*

4   *also Yong*, 208 F.3d at 1119.

5          When there is an independent proceeding related to a matter before the trial court, the

6   Ninth Circuit has held that a trial court may "find it efficient for its own docket and the fairest

7   course for the parties to enter a stay of an action before it, pending resolution of independent

8   proceedings which may bear upon the case."  *Mediterranean Enters., Inc. v. Ssangyong Corp.*,

9   708 F.2d 1458 (9th Cir. 1983).  For a stay to be appropriate it is not required that the issues of

10  such proceedings are necessarily controlling of the action before the court.  *Id.*  However, a stay

11  may be improper where the independent proceeding is "unlikely to decide, or contribute to the

12  decision of, the factual and legal issues" in the action for which the stay is requested.  *Lockyer v.*

13  *California*, 398 F.3d 1098, 1113 (9th Cir. 2005).  In deciding whether to abstain, the Ninth

14  Circuit instructs courts to consider "whether the declaratory action will settle all aspects of the

15  controversy; whether the declaratory action will serve a useful purpose in clarifying the legal

16  relations at issue; whether the declaratory action is being sought merely for the purposes of

17  procedural fencing or to obtain a 'res judicata' advantage; or whether use of a declaratory action

18  will result in entanglement between the federal and state court systems."  *Gov't Employees Ins.*

19  *Co. v. Dizol*, 133 F.3d 1220, 1225, fn. 5 (9th Cir. 1998).  There is no presumption in favor of

20  abstention "in declaratory actions generally, nor in insurance coverage cases specifically."

21  *Dizol*, 133 F.3d at 1225.  Moreover, federal courts have "unique and substantial discretion in

22  deciding whether to declare the rights of litigants."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286

23  (1995) (interpreting the Declaratory Judgment Act, 28 U.S.C. § 2201).

24

<u>DISCUSSION</u>

In reviewing the law regarding Plaintiffs' Motion to Remand, the court takes notice of *Frias v. Asset Foreclosures Servs., Inc.*, C13-760-MJP, 2013 WL 6440205 (W.D. Wash. Sept. 25, 2013).  In light of the recent decision *Walker v. Quality Loan Serv. Corp.*, 176 Wn. App. 294 (Div. 1 2013), the district court in *Frias* certified the following questions to the Washington State Supreme Court on September 25, 2013:

1. Under Washington l aw [sic], may a plaintiff state a claim for damages relating to a breach of duties under the Deed of Trust Act and/or failure to adhere to the statutory requirements of the Deed of Trust Act in the absence of a completed trustee's sale of real property?
2. If a plaintiff may state a claim for damages prior to a trustee sale of real property, what principles govern his or her claim under the Consumer Protection Act and the Deed of Trust Act?

*Frias*, 2013 WL 6440205 at *2.

Plaintiffs' Motion to Remand centers on whether NWTS is a nominal or fraudulently joined defendant when NWTS is the trustee and the foreclosure was discontinued.  Defendants[1] argue that plaintiffs do not state a claim upon which relief can be granted because there is no pending foreclosure sale and, thus, no basis for damages.  Dkt. 1, 16.  In response, plaintiffs contend that a claim can be brought against a trustee under the Deed of Trust Act and the Consumer Protection Act, and that initiation of foreclosure is a sufficient basis for a claim.  Dkt. 12.  These issues appear to be related to the questions in *Frias*, in which case an order to stay, pending resolution of that case, should be entered.

Delay of resolution is a possible damage that may result from a stay in this case. However, as the parties seem to agree, there is no pending foreclosure action and staying the case

---

[1] For purposes of this order, the term "defendants" will be used to reference only the listed defendants: Green Tree Servicing, LLC, Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc., and Northwest Trustee Services, Inc..  Defendant Bank of America (BANA) was not a movant in Defendants' Motion to Dismiss, but did consent to removal.  Dkt. 14.

1  may not cause significant damage to either party.  Requiring the parties to go forward could

2  result in the hardship or inequity of relitigating the issue of subject matter jurisdiction once the

3  Washington State Supreme Court resolves *Frias*.  Moreover, resolution in the *Frias* case may

4  simplify the issues with regard to Plaintiffs' Motion to Remand.

5        The court cannot reach the merits of Defendants' Motion to Dismiss until it determines

6  whether there is subject matter jurisdiction—the central issue in Plaintiffs' Motion to Remand.

7  Therefore, both Plaintiff's Motion to Remand and Defendants' Motion to Dismiss should be

8  renoted to February 21, 2014 to allow the parties time to show cause on staying the proceedings.

9        Accordingly, it is **ORDERED** that:

10       1.  Plaintiff and defendant are **ORDERED** to show cause in writing, not later than

11           February 21, 2014, if any they have, why this matter should not be stayed pending the

12           resolution of the certified question in *Frias v. Asset Foreclosures Services, Inc.*, C13-

13           760-MJP, 2013 WL 6440205 (W.D. Wash. Sept. 25, 2013).

14       2.  Plaintiff's Motion for Remand (Dkt. 12) is **RENOTED** for February 21, 2014.

15       3.  Defendants Green Tree Servicing, LLC, Federal National Mortgage Association,

16           Mortgage Electronic Registration Systems, Inc., and Northwest Trustee Services,

17           Inc.'s Motion to Dismiss (Dkt. 9) is **RENOTED** for February 21, 2014.

18       The Clerk is directed to send uncertified copies of this Order to all counsel of record and

19  to any party appearing *pro se* at said party's last known address.

20       Dated this 5th day of February, 2014.

21

22

23       ROBERT J. BRYAN
         United States District Judge

24