1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

MATTHEW D. McIALWAIN; and
CHRISTINE M. McIALWAIN,

12

Plaintiff,

13

v.

14

GREEN TREE SERVICING, LLC;
BANK OF AMERICA N.A.; FEDERAL

15

NATIONAL MORTGAGE
ASSOCIATION; MORTGAGE

16

ELECTRONIC REGISTRATION
SYSTEMS, INC; NORTHWEST

17

TRUSTEE SERVICES, INC; and DOE
DEFENDANTS 1-10,

18

19

Defendant.

CASE NO. C13-6096 RJB

ORDER ON (1) DEFENDANTS
GREEN TREE SERVICING, LLC,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., AND
NORTHWEST TRUSTEE
SERVICES, INC.'S MOTION TO
DISMISS AND (2) PLAINTIFFS'
MOTION FOR REMAND

20      This matter comes before the court on Defendants Green Tree Servicing, LLC, Federal

21  National Mortgage Association, Mortgage Electronic Registration Systems, Inc., and Northwest

22  Trustee Services, Inc.'s Motion to Dismiss (Dkt. 9) and Plaintiffs' Motion for Remand (Dkt. 12).

23  ORDER ON (1) DEFENDANTS GREEN TREE
SERVICING, LLC, FEDERAL NATIONAL
MORTGAGE ASSOCIATION, MORTGAGE

24  ELECTRONIC REGISTRATION SYSTEMS, INC.,
AND NORTHWEST TRUSTEE SERVICES, INC.'S
MOTION TO DISMISS AND (2) PLAINTIFFS'
MOTION FOR REMAND- 1

1  The court has considered the pleadings filed in support of and in opposition to the motions and

2  the file herein.

3  <u>PROCEDURAL HISTORY & FACTUAL BACKGROUND</u>

4  On September 11, 2013, plaintiffs filed this civil action against defendants in Pierce

5  County Superior Court, alleging (1) wrongful foreclosure under the Deed of Trust Act (DTA),

6  RCW 61.24 *et seq.*; (2) violation of the Consumer Protection Act (CPA), RCW 19.86 *et seq.*; and

7  (3) violation of the Criminal Profiteering Act, RCW 9A.82 *et seq.*. Dkt. 1-1.

8  **Removal and Motion to Remand**

9  On December 31, 2013, defendants Green Tree Servicing, LLC (Green Tree), Federal

10  National Mortgage Association (Fannie Mae), Mortgage Electronic Registrations Systems, Inc.

11  (MERS), and Northwest Trustee Services, Inc. (NWTS) (collectively, "defendants")[1] removed

12  this case to federal court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Dkt. 1.

13  Defendant Bank of America (BANA) was not a movant in that motion, but did consent to federal

14  jurisdiction. Dkt. 14.

15  In the notice of removal, defendants argue that, although plaintiffs and defendant NWTS

16  are both Washington citizens, NWTS should not be considered for purposes of diversity

17  jurisdiction based on two alternative arguments: that NWTS is a nominal party, or that NWTS

18  was fraudulently joined as a defendant. Dkt. 1 at 3–8. Specifically, defendants contend that

19  plaintiff cannot state a claim against NWTS under the DTA because (1) there is no pending

20  trustee sale, and (2) courts have rejected plaintiffs' "show-me-the-note" argument. Dkt. 1. In

21  ────────────────────────

22  [1] The term "defendants" will be used throughout this motion, and it should be noted that this explicitly refers to the listed defendants to the exclusion of defendant Bank of America (BANA). BANA will be referred to explicitly, not in the collective term "defendants."

23  ORDER ON (1) DEFENDANTS GREEN TREE
SERVICING, LLC, FEDERAL NATIONAL

24  MORTGAGE ASSOCIATION, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,
AND NORTHWEST TRUSTEE SERVICES, INC.'S
MOTION TO DISMISS AND (2) PLAINTIFFS'
MOTION FOR REMAND- 2

addition, defendants argue that plaintiffs cannot state a claim against NWTS for violating the CPA because (1) that claim is based on plaintiffs' same "show-me-the-note" arguments; (2) plaintiffs do not plausibly allege that NWTS engaged in any deception or that plaintiffs suffered any injury as a result; and (3) as a trustee, NWTS has statutory safe harbor under RCW 61.24.030(7)(b).  Dkt. 1.

On January 13, 2014, plaintiffs filed this Motion for Remand, arguing that NWTS is not a fraudulently joined defendant nor a nominal defendant, and that the court should award plaintiff attorney fees under 28 U.S.C. § 1447(c) for the time spent in regard to this motion to remand. Dkt. 12 at 2–3.  Plaintiff argued that there is no federal question because plaintiffs have not alleged any claims arising under federal law.  *Id.* at 8.  Plaintiff further argues that NWTS is not a nominal party because: (1) as a trustee, NWTS had a "fiduciary duty of good faith" to the plaintiff and may be joint and severally liable for damages it caused; (2) NWTS violated its "fiduciary duty of good faith" by failing to verify that the party declaring the default was the true and lawful owner and holder of the obligation; (3) NWTS initiated foreclosure proceedings in the face of a finding of bad faith in mediation; and (4) NWTS issued a notice of trustee sale without proof that BANA was the owner of the promissory note.  *Id.* at 10.  In addition, plaintiffs contend that NWTS was not a fraudulently joined defendant because: (1) plaintiffs asserted claims against NWTS, making specific factual allegations; (2) Washington law allows claims against trustees and alleged beneficiaries for unfair and deceptive acts; and (3) plaintiffs' claims against NWTS would pass a CR 12(b)(6) motion in state court and are not frivolous under Rule 11.  Dkt. 12.

ORDER ON (1) DEFENDANTS GREEN TREE
SERVICING, LLC, FEDERAL NATIONAL
MORTGAGE ASSOCIATION, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,
AND NORTHWEST TRUSTEE SERVICES, INC.'S
MOTION TO DISMISS AND (2) PLAINTIFFS'
MOTION FOR REMAND- 3

1    In its response, defendants again argued that NWTS is a nominal defendant, or in the

2    alternative, NWTS was fraudulently joined.  Dkt. 16.  Defendants further argued that (1)

3    plaintiffs cannot sue NWTS in connection with a bad faith mediation because any such finding

4    was directed at BANA, and that (2) plaintiff did not plead that NWTS committed three acts in

5    five years for financial gain, as required by the Criminal Profiteering Act.  *Id.* at 5.  Defendant

6    additionally argued that there is federal question jurisdiction because plaintiffs' complaint

7    alleges potential federal claims under the Far Debt Collection Practices Act (15 U.S.C. §

8    1692(e)) and the Real Estate Settlement Procedures Act (12 U.S.C. § 2605(e)).  *Id.*

9    Plaintiff replied on February 4, 2014, re-presenting its previous arguments and arguing

10   that (1) NWTS has raised the claim that it was a nominal defendant in this district before and that

11   such arguments were rejected; and (2) that plaintiffs' claims are not "show-me-the-note

12   arguments," and rather, are properly demanded under *Bain* and its progeny.  Dkt. 18.

13   **Motion to Dismiss**

14   On January 7, 2014, defendants filed this Motion to Dismiss pursuant to FRCP 12(b)(6),

15   arguing that plaintiffs fail to state a claim upon which relief can be granted as to each of

16   plaintiffs' causes of action.  Dkt. 9 at 5–8.  Under the DTA, defendants argue that plaintiff has

17   failed to state a claim because: (1) courts have rejected plaintiffs' "show me the note" argument;

18   (2) assignment of the deed of trust is not required for the foreclosure process; (3) plaintiffs lack

19   standing to object to the assignment; (4) BANA employees can be officers of MERS and execute

20   MERS documents; and (5) any bad faith in mediation has no bearing on the claims because there

21   is no pending trustee sale.  Dkt. 9 at 5–8.  Under the CPA, defendants argue that plaintiffs fail to

22   state a claim because: (1) the cause of action is based on plaintiffs' "show-me-the-note"

23   ORDER ON (1) DEFENDANTS GREEN TREE
     SERVICING, LLC, FEDERAL NATIONAL
24   MORTGAGE ASSOCIATION, MORTGAGE
     ELECTRONIC REGISTRATION SYSTEMS, INC.,
     AND NORTHWEST TRUSTEE SERVICES, INC.'S
     MOTION TO DISMISS AND (2) PLAINTIFFS'
     MOTION FOR REMAND- 4

1  arguments; (2) plaintiffs do not allege that the trustee's sale was completed or that plaintiffs

2  could or would have tendered the sum necessary to cure the loan default; (3) NWTS enjoys

3  statutory safe harbor under RCW 61.24.030(7)(b); (4) plaintiff fails to plead facts showing that a

4  public interest has been impacted because each alleged act relates to the plaintiffs personally; and

5  (5) plaintiffs do not identify an injury that was proximately caused by NWTS' conduct.  *Id.* at 8–

6  13.  Lastly, under the Criminal Profiteering Act, defendant alleges that plaintiffs fail to state a

7  claim because plaintiffs rely on the same erroneous theories underpinning their first and second

8  causes of action.  *Id.* at 15.

9       On January 29, 2014, plaintiffs responded, reiterating that (1) defendants had no

10  reasonable basis for removal; (2) defendants should be jointly and severally liable; and (3) all of

11  plaintiffs' claims are viable under a Rule 12(b)(6) standard.  Dkt. 15.

12  **Order to Show Cause: Staying Proceedings Pending Resolution of *Frias***

13       On February 5, 2014, this court issued an Order to Show Cause and Renoting Motions,

14  asking the parties to show cause why this matter should not be stayed pending the resolution of

15  the following certified questions in *Frias v. Asset Foreclosure Services, Inc.*, C13-760-MJP,

16  2013 WL 6440205 (W.D. Wash. Sept. 25, 2013):

17       1. Under Washington l aw[sic], may plaintiff state a claim for damages relating to a
          breach of duties under the Deed of Trust Act and/or failure to adhere to the statutory
18          requirements of the Deed of Trust Act in the absence of a completed trustee's sale of
            real property?
19       2. If a plaintiff may state a claim for damages prior to a trustee sale of real property,
            what principles govern his or her claim under the Consumer Protection Act and the
20          Deed of Trust Act?

21       On February 13, 2014, plaintiff filed its response to this Order to Show Cause, arguing

22  that the issues of jurisdiction and resolution of the *Frias* case are unrelated, but conceding that

23  ORDER ON (1) DEFENDANTS GREEN TREE
    SERVICING, LLC, FEDERAL NATIONAL
    MORTGAGE ASSOCIATION, MORTGAGE
24  ELECTRONIC REGISTRATION SYSTEMS, INC.,
    AND NORTHWEST TRUSTEE SERVICES, INC.'S
    MOTION TO DISMISS AND (2) PLAINTIFFS'
    MOTION FOR REMAND- 5

1  the *Frias* case is relevant to this case if the court determines that it has diversity jurisdiction.

2  Dkt. 20.

3  On February 21, 2014, defendants responded, agreeing that the *Frias* case will help

4  resolve this case, but instead consenting to the remand of this case if no attorney fees or costs are

5  awarded to plaintiffs.  Dkt. 21.  The same day, defendants replied to its Motion to Dismiss

6  requesting that, if this court maintains jurisdiction over this matter, defendants have an

7  opportunity to submit supplemental briefing after resolution of the *Frias* case.  Dkt. 22.

8  On February 23, 2014, the court issued an Order Directing Response by Defendant Bank

9  of America, requesting BANA to respond to Plaintiffs' Motion to Dismiss.  Dkt. 23.  On

10 February 28, 2014, BANA responded, stating that "to the extent Plaintiffs and co-Defendants are

11 in agreement that this matter is more appropriately remanded to state court, provided that no

12 attorney fees or costs are to be awarded to Plaintiffs, BANA has no objection to remand under

13 these circumstances."  Dkt. 24 at 2.  BANA also agreed with its co-defendants that the *Frias* case

14 is potentially relevant to the claims in this case and may have direct bearing on the issue of

15 whether removal is proper in this action.  *Id.*

16 Also on February 28, 2014, Plaintiffs replied objecting to defendants' request to deny

17 attorney's fees on remand because (1) defendants knew that NWTS was a Washington citizen;

18 (2) defendants lacked any objectively reasonable basis to conclude that NWTS was a nominal

19 defendant or a fraudulently joined defendant; and (3) case law at the time of removal clearly

20 recognized trustees as non-nominal parties.  Dkt. 25.

21

22

23 ORDER ON (1) DEFENDANTS GREEN TREE
   SERVICING, LLC, FEDERAL NATIONAL
   MORTGAGE ASSOCIATION, MORTGAGE
24 ELECTRONIC REGISTRATION SYSTEMS, INC.,
   AND NORTHWEST TRUSTEE SERVICES, INC.'S
   MOTION TO DISMISS AND (2) PLAINTIFFS'
   MOTION FOR REMAND- 6

MOTION TO REMAND

Now with BANA's response, all defendants have consented to Plaintiffs' Motion for Remand (Dkt. 12) on the condition that no attorneys fees are awarded. In light of the court's analysis below, no attorneys fees should be awarded in this case, regardless of defendant's demand for denial of attorney's fees. Therefore, Plaintiffs' Motion for Remand should be granted in accordance with the parties' agreement.

MOTION TO DISMISS

In light of the parties' agreed remand to state court, Defendants' Motion to Dismiss should be denied as moot.

ATTORNEY'S FEES

Plaintiff requests $2,160.00 in attorney's fees incurred in connection with the motion to remand. Dkt. 12; Dkt. 12-2 at 3. Defendants argue that, if the court determines that remand is proper, attorneys fees should not be awarded because: (1) defendants' good faith belief that NWTS is a nominal party or fraudulently joined is an objectively reasonable basis for seeking removal based on the holdings in this district, and (2) the attorney fees requested are unreasonable because the hours are not sufficiently detailed and part of that time was to research two district court cases that plaintiffs' counsel litigated. Dkt. 16 at 7.

Following remand of a case upon unsuccessful removal, the district court may, in its discretion, award attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when

ORDER ON (1) DEFENDANTS GREEN TREE
SERVICING, LLC, FEDERAL NATIONAL
MORTGAGE ASSOCIATION, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,
AND NORTHWEST TRUSTEE SERVICES, INC.'S
MOTION TO DISMISS AND (2) PLAINTIFFS'
MOTION FOR REMAND- 7

1  an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*,

2  546 U.S. 132, 141 (2005).

3      Here, it was not objectively unreasonable for defendants to seek removal where the law is

4  in flux regarding defendants' basis for removal based on a split between state and federal courts.

5  Plaintiffs' request for an award of fees, costs and expenses pursuant to 28 U.S.C. 1447(c) should

6  be denied.

7                                    ORDER

8      Therefore, it is hereby **ORDERED** that:

9      1.  Plaintiffs' Motion for Remand (Dkt. 12) is **GRANTED**.

10     2.  Defendants Green Tree Servicing, LLC, Federal National Mortgage Association,

11         Mortgage Electronic Registration Systems, Inc., and Northwest Trustee Services,

12         Inc.'s Motion to Dismiss (Dkt. 9) is **DENIED** as moot.

13     3.  Plaintiffs' request for attorneys fees and costs regarding removal is **DENIED**.

14     4.  This case is **REMANDED** to Pierce County Superior Court.

15     The Clerk is directed to send uncertified copies of this Order to all counsel of record and

16  to any party appearing *pro se* at said party's last known address.

17     Dated this 3rd day of March, 2014.

18

19

20     ROBERT J. BRYAN
       United States District Judge

21

22

23  ORDER ON (1) DEFENDANTS GREEN TREE
    SERVICING, LLC, FEDERAL NATIONAL
24  MORTGAGE ASSOCIATION, MORTGAGE
    ELECTRONIC REGISTRATION SYSTEMS, INC.,
    AND NORTHWEST TRUSTEE SERVICES, INC.'S
    MOTION TO DISMISS AND (2) PLAINTIFFS'
    MOTION FOR REMAND- 8